928 F.2d 400
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jennings C. VANOVER, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 90-2131.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 13, 1990.
Decided March 19, 1991.
 
 Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap. Glen E. Conrad, Magistrate Judge. (CA-89-38-B)
 Jennings C. Vanover, appellant pro se.
 Ray Burton Fitzgerald, Jr., Office of the United States Attorney, Roanoke, Va., Stephen Mitchell Walker, United States Department of Health & Human Services, Philadelphia, Pa., for appellee.
 W.D.Va.
 VACATED AND REMANDED.
 Before K.K. HALL, CHAPMAN and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Jennings C. Vanover appeals the magistrate judge's entry of summary judgment against him in his action for social security disability benefits.[1] We vacate the entry of summary judgment and remand the action to the district court with instructions to remand to the Secretary for further proceedings consistent with this opinion.
 
 
 2
 Vanover filed this application for disability benefits on May 22, 1987, claiming that he became disabled on July 15, 1980, because of back trouble, bronchitis, emphysema, nerves, and a hernia. Prior to the alleged onset date, he worked as a coal truck driver, which involved leveling the coal in the truck with a shovel and performing some maintenance on the truck. He was fifty years old at the time of the hearing before the Administrative Law Judge (ALJ), had a fourth-grade education, and could read and write very little. His insured period extended through December 31, 1983.
 
 
 3
 After his application was denied on initial review and on reconsideration, Vanover was given a hearing before an ALJ. Vanover was the only witness and he testified that his medical problems had prevented him from working since he quit driving trucks in 1980. The ALJ found that Vanover suffered from a severe impairment, mental retardation, as of July 15, 1980.[2] However, since this impairment had existed since Vanover's early life, the ALJ found that he had the residual functional capacity to perform his past relevant work. The ALJ found that the low IQ score was not disabling by itself. The ALJ also found that Vanover's other asserted ailments did not constitute severe impairments either singly or in combination with the low IQ score.[3] The Appeals Council adopted the ALJ's opinion, thus it became the final decision of the Secretary.
 
 
 4
 This application for disability benefits is Vanover's second. He filed an application in November 1984, claiming disability due to many of the same ailments he relies on in the present application. An ALJ held a hearing on the earlier petition and denied benefits. The Appeals Council adopted the opinion of the ALJ, and Vanover failed to seek judicial review. Vanover was awarded supplemental security income benefits in 1987, but he seeks to establish in this action that he was disabled prior to 1987.
 
 
 5
 The Secretary must analyze all relevant evidence and state the weight afforded to the evidence before denying a claim for benefits. See Gordon v. Schweiker, 725 F.2d 231, 235-36 (4th Cir.1984). The ALJ's opinion does not allow us to conclude that he considered the significant new evidence presented in the second hearing. This evidence consisted of the opinions of two of Vanover's treating physicians that Vanover was disabled prior to December 31, 1983. These opinions of Dr. Kanwal and Dr. Singh are entitled to significant weight because they are based on objective medical criteria, even though the opinions were made after the relevant determination date. See Millner v. Schweiker, 725 F.2d 243, 245-46 (4th Cir.1984) (opinion made after relevant date based on state of claimant's blood vessels). Respiratory tests and physical examinations support the diagnosis of chronic pulmonary disease. The existence of Vanover's hernia is supported by physical examinations. Vanover's anxiety, low IQ, and personality disorder are supported by tests and examination results. Because we are unable to determine that the Secretary considered these new and probative opinions, we cannot find that substantial evidence supports the Secretary's decision. See Gordon v. Schweiker, supra.
 
 
 6
 On remand, the Secretary should not be hesitant to make factual findings which are inconsistent with the first ALJ's opinion. The second ALJ considered himself bound by the earlier finding that Vanover did not suffer from a severe impairment. He cited the regulation which applies the collateral estoppel doctrine to factual findings unless there are reasons to believe that the previous finding was wrong. See 20 C.F.R. Sec. 404.950(f) (1990). Yet the second ALJ found that Vanover's low IQ constituted a severe impairment during the relevant period, which shows that the previous ALJ's finding of no severe impairment was wrong.
 
 
 7
 It is true that the low IQ evidence was not before the previous ALJ, but neither were the opinions of Dr. Singh and Dr. Kanwal as to Vanover's disability status during the relevant period. The previous ALJ also failed to adequately discuss all of Vanover's asserted impairments and improperly discredited testimony as to Vanover's back pain. Therefore, the decision on reconsideration should take all of this evidence into account, clearly state the weight given to the evidence, and analyze it along with the other evidence in the case, such as Dr. Cantrell's opinion, to determine whether Vanover's other asserted impairments, either alone or in combination with one another, meet the requirements of Listing Sec. 12.05(C). See Gordon v. Schweiker, supra.
 
 
 8
 The entry of summary judgment for the Secretary is therefore vacated and the action is remanded to the district court with instructions to remand to the Secretary for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 VACATED AND REMANDED.
 
 
 
 [1]
 This action was referred to a United States Magistrate Judge to conduct proceedings and enter dispositive orders pursuant to 28 U.S.C. Sec. 636(c)(2)
 
 
 [2]
 Tests revealed that Vanover's verbal IQ score was 69
 
 
 [3]
 The ALJ found that Vanover did not meet the requirements of Listed Impairment Sec. 12.05(c), 20 C.F.R., Part 404, Subpt. P, App. 1 (1990). This listing requires that a claimant have an IQ score of 60-69 and a physical or other mental impairment imposing additional and significant work-related limitation of function. If Vanover meets this listing, he is considered to be disabled without consideration of factors such as age, education, and prior work experience. See 20 C.F.R. Sec. 404.1520(d) (1990)